**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JOHN DOE SB,** ) <br> ) <br>        **Plaintiff,** ) <br> ) <br> **v.** ) <br> )   **Case No. 16-2575** <br> **UNITED STATES OF AMERICA and** ) <br> **MARK WISNER, P.A.** ) <br> ) <br>        **Defendants.** ) <br> _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff John Doe SB brings this case against defendants United States of America and Mark Wisner, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, and 38 U.S.C. § 7316, alleging that Wisner prescribed high doses of pain medication and subjected him to inappropriate physical examinations. Plaintiff claims that the court has supplemental jurisdiction over his state claims against Wisner under 28 U.S.C. § 1367(a). This matter is before the court on defendant United States's Motion to Dismiss. (Doc. 8.) Defendant argues that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction and because it fails to state a claim under Federal Rules of Civil Procedure 12(b)(1) and (6). For the reasons set forth below, the court grants defendant's motion in part and denies it in part.

**I.    Factual Background**

Plaintiff is a veteran who sought treatment at the Dwight D. Eisenhower VA Medical Center ("VA") located in Leavenworth, Kansas. Wisner provided medical care for plaintiff. Wisner was a physician's assistant ("PA") for the VA, but represented himself to plaintiff and the public as a medical doctor.

-1-

Plaintiff claims that Wisner was negligent when he violated the standard of care by conducting inappropriate physical examinations and prescribing high doses of pain medication. Plaintiff also claims that Wisner was acting within the scope of his employment at the time he committed these acts—making defendant vicariously liable for Wisner's misconduct.

Plaintiff states that in February 2015, Wisner executed a Consent Order for Surrender, which was filed by the Kansas Board of Healing Arts ("KBOHA"). Wisner admitted to using his position as a PA to commit sexual batteries against VA patients. In another letter, Wisner admitted that he was an impaired practitioner not capable of patient care and that he committed violations under Kan. Stat. Ann. § 65-28a05(a) and other governing Kansas statutes and regulations.

Plaintiff brings claims of negligent supervision, hiring, and retention against defendant in Count II. Plaintiff alleges that defendant—via the VA—violated its duty to exercise reasonable care when it supervised and retained Wisner. He states that defendant knew or should have known that Wisner was unable to provide competent medical care to plaintiff and that Wisner victimized and was dangerous to other patients. Plaintiff also alleges that VA supervisors failed to monitor Wisner's clinical activities to ensure that they were within the authorized scope of practice and medically appropriate as required by VHA Directive 1063 and/or the Physician Assistant Licensure Act ("PALA"), Kan. Stat. Ann. § 65-28a01.

## II.     Legal Standards

### A.     Rule 12(b)(1)

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate when the court lacks subject matter jurisdiction over a claim. Plaintiff claims that subject matter jurisdiction exists and has the burden of establishing it. *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189

(10th Cir. 2008). Because federal courts are courts of limited jurisdiction, there is a strong presumption against federal jurisdiction. *Sobel v. United States*, 571 F. Supp. 2d 1222, 1226 (D. Kan. 2008).

Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's jurisdictional allegations; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based. *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995). For a facial challenge, the court accepts the plaintiff's factual allegations regarding jurisdiction as true. *Id.* at 1002. But for a factual attack, the court does not presume that the plaintiff's allegations are true. *Id.* at 1003. Rather, "[a] court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Id.*

### B.     Rule 12(b)(6)

To the extent this court has subject matter jurisdiction, the court must determine whether plaintiff's action is subject to dismissal because it fails to state a claim upon which relief could be granted. The court grants a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible—not merely conceivable. *Id.* "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984);

*see also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).  The court construes any reasonable inferences from these facts in favor of the plaintiff.  *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

**III.     Discussion**

Under the FTCA, the United States has waived its sovereign immunity for injuries caused by the "negligent or wrongful act or omission" of a federal government employee while that employee is "acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).  An action under the FTCA is the exclusive remedy for a plaintiff claiming personal injuries arising out of the negligent conduct of a federal employee, 28 U.S.C. § 2679(b)(1), and federal courts have exclusive jurisdiction over such actions, 28 U.S.C. § 1346(b)(1).

**A.     Exhaustion and Proper Notice**

 "[T]he FTCA constitutes a waiver of the government's sovereign immunity, [so] the notice requirements established by the FTCA must be strictly construed.  The requirements are jurisdictional and cannot be waived."  *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) (quoting *Bradley v. U.S. ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991).  Section 2675(a) "requires that claims for damages against the government be presented to the appropriate federal agency by filing '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'"  *Id.* (citations omitted).  While the FTCA's notice requirements should not be interpreted inflexibly, the goal of the administrative claim requirement is to let the government know what it is facing.  *Id.* at 853; *Benjamin v. United States*, 85 F. Supp. 2d 1034, 1036 (D. Colo. 2000).

*1.     Plaintiff's Claims*

Plaintiff filed an administrative claim on August 12, 2015, with the Department of Veterans Affairs. Plaintiff claims that he was Wisner's patient. Plaintiff alleges that on September 19, 2013, Wisner sexually assaulted him during a medical exam. Plaintiff sought $5,000,000 in damages. Plaintiff's administrative claim was denied on March 2, 2016, and he filed the instant case within six months.

Defendant claims that plaintiff did not identify the medication he was taking in his administrative claim. Defendant also notes that plaintiff failed to reference Wisner misprescribing or overprescribing plaintiff's medication. Defendant argues that plaintiff failed to exhaust his administrative remedies on this theory.

Furthermore, plaintiff's administrative claim identified one instance of misconduct, occurring on September 19, 2013. But in his complaint, plaintiff claims that Wisner repeatedly violated the standard of care in caring for plaintiff by wrongfully subjecting him to inappropriate physical examinations.

"[A]lthough a plaintiff's administrative claim need not elaborate all possible causes of action or theories of liability, it must provide notice of the facts and circumstances underlying the plaintiff's claims." *Trentadue*, 397 F.3d at 853 (internal quotations omitted). While plaintiff stated in his administrative claim that he was Wisner's patient, plaintiff referred to only the September 19 appointment and type of misconduct—sexual assault by Wisner. Plaintiff did not claim that Wisner's misconduct included misprescribing or overprescribing medication. The government could have reasonably concluded that investigations into Wisner's prescription practices and other appointments with plaintiff were unnecessary. *Cf. Lopez v. United States*, 823 F.3d 970, 977 (10th Cir. 2016) ("Nothing in Lopez's administrative claim provided the government with notice that it needed to investigate whether the VA Hospital was negligent in credentialing and privileging Kindt, and it was in

turn deprived of any opportunity to settle this potential claim without litigation."). Plaintiff did not provide the government with sufficient notice of his misprescription claim or Wisner's other instances of misconduct, and therefore failed to exhaust his administrative remedies on these matters.

**B.     Count I**

*1.     Scope of Employment*

Defendant characterizes Wisner's conduct as "sexual misconduct." Applying this characterization, defendant argues that the court lacks jurisdiction because Wisner's conduct was not within the scope of his employment. Sexual battery and/or inappropriate touching are not within the duties that a PA is hired to perform, defendant argues, and did not further the VA's business.

Under the FTCA, the United States is liable only for tortious acts committed by employees "acting within the scope of [their] office or employment." 28 U.S.C. § 1346(b)(1). "Scope of employment" is determined by the law of the place where the accident occurred. *Fowler v. United States*, 647 F.3d 1232, 1237 (10th Cir. 2011); *see also* 28 U.S.C. § 1346(b)(1). In Kansas, an employee acts within the scope of his employment when (1) he performs services for which he has been employed, or (2) he does anything reasonably incidental to his employment. *O'Shea v. Welch*, 350 F.3d 1101, 1103 (10th Cir. 2003) (citing Pattern Instructions Kansas 3d 107.06; *Williams v. Cmty. Drive-In Theater, Inc.*, 520 P.2d 1296, 1301–02 (Kan. 1974)). The test is not whether the employer expressly authorized or forbid the conduct. *Id.* Instead, the court asks whether the employer should have fairly foreseen the conduct from the nature of the employment and the duties relating to it. *Id.*; *see also Commerce Bank of St. Joseph, N.A. v. State*, 833 P.2d 996, 999 (Kan. 1992).

Plaintiff claims that scope of employment is a factual determination. Generally, this is correct, but the court may resolve this question as a matter of law when only one reasonable conclusion can be

-6-

drawn from the evidence. *See Wayman v. Accor N. Am., Inc.*, 251 P.3d 640, 646 (Kan. Ct. App. 2011) (citing *O'Shea*, 350 F.3d 1101).

<u>a.    Slight Deviation Analysis</u>

Plaintiff claims that Wisner's conduct was within the scope of his employment because it was a "slight deviation" from his duties. In *O'Shea v. Welch*, the Tenth Circuit reviewed the Kansas jury instruction on scope of employment, and determined that it is compatible with the slight deviation analysis. *O'Shea*, 350 F.3d at 1106. "Application of the slight deviation analysis allows for more flexibility and accuracy in the application of the law to each fact scenario. The Kansas pattern jury instruction[] . . . does not express a bright-line rule but instead illustrates a type of slight deviation rule which requires a determination of what is reasonably incidental to employment and what conduct should have been fairly foreseen." *Id.*

Under the slight deviation analysis, an employee could pursue dual purpose ventures without the conduct amounting to an entire departure from the scope of employment. *Id.* at 1107. "An employee does not cease to be acting within the course of his employment because of an incidental personal act, or by slight deflections for a personal or private purpose, if his main purpose is still to carry on the business of his employer. Such deviations which do not amount to a turning aside completely from the employer's business, so as to be inconsistent with its pursuit, are often reasonably expected and the employer's assent may be fairly assumed." *Id.*

The court reviews the following factors to determine whether an employee has engaged in a slight or substantial deviation: (1) the employee's intent; (2) the nature, time, and place of the deviation; (3) the time consumed in the deviation; (4) the work for which the employee was hired; (5) the incidental acts reasonably expected by the employer; and (6) the freedom allowed the employee in

performing his job responsibilities. *Id.* at 1108 (citing *Felix v. Asai*, 192 Cal. App. 3d 926, 237 Cal. Rptr. 718, 722 (1987)).

### b. Wisner's Conduct

Plaintiff claims that Wisner performed an inappropriate physical exam on September 19, 2013. Plaintiff, however, argues that Wisner's tortious conduct was not far removed in time, distance, or purpose from his normal duties—thereby combining his own personal interest with the VA's business interests.

Plaintiff references several of Wisner's admissions to the KBOHA in his complaint. Wisner admitted that he used his position as a PA to commit sexual batteries against his patients. Wisner admitted to exploiting and making inappropriate sexual comments to his patients. Wisner also admitted that he performed unnecessary testicular and genital examinations and unnecessary contact of his patients for no legitimate medical purpose.

Still, at this stage, plaintiff has presented a plausible negligence claim that is supported by facts consistent with the allegations in the complaint. Arguably, Wisner was furthering the VA's interests in treating and examining plaintiff, even though it may have been improperly done. Some of Wisner's duties included performing physical examinations on patients. There is no dispute that performing an improper examination without gloves—to the extent that Wisner gained personal satisfaction from the examination—was a deviation from his duties. But it is plausible that this deviation was not an entire departure from the scope of Wisner's employment and was within the parameters of the duties he was hired to perform. At this time, the court cannot resolve this question as a matter of law. The improper examination occurred during plaintiff's September 19, 2013 appointment when he sought medical treatment. And plaintiff does not allege that the examination occurred after business hours or outside of the VA's building.

Moreover, full physical examinations (including examination of the VA patients' genitalia) are not necessarily unexpected. An unnecessary and/or inappropriate examination might be improper, but this conduct in general is not unforeseeable or unexpected of a PA hired to treat VA patents. While Wisner's conduct may have been unprofessional or forbidden, that is not the test. *See O'Shea*, 350 F.3d at 1103.

### c. VA Immunity Statute for Intentional Torts

Defendant argues that 28 U.S.C. § 2680(h) bars plaintiff's claims because the FTCA does not apply to claims arising out of a battery. The FTCA exempts from the waiver of sovereign immunity "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Under the FTCA's general provisions, the United States remains immune for claims arising out of these enumerated intentional torts. *See id.*

Another exception may apply in the instant case, however: the VA Immunity Statute. This law allows for a remedy against the United States under the FTCA for damages arising from the provision of medical services by health care employees of the VA under 38 U.S.C. § 7316(a)(1), (f). *Ingram v. Faruque*, 728 F.3d 1239, 1245–46 (10th Cir. 2013) (citation omitted) ("'[Section] 2680(h) does not bar application of the FTCA to [intentional] tort claims arising out of the conduct of VA medical personnel within the scope of' 38 U.S.C. § 7316(f)."). Defendant argues again that this exception does not apply because (1) Wisner was not acting within the scope of his employment when he sexually battered plaintiff; (2) Wisner's unnecessary or improper touching was not related or incidental to plaintiff's medical treatment; and (3) plaintiff characterized the conduct as sexual assault.

For the reasons previously set forth, defendant's arguments fail at this stage of the litigation. Plaintiff has presented a plausible claim that the VA Immunity Statute applies.

### C.     Count II

Defendant argues that the discretionary function exception applies to bar the court's jurisdiction over plaintiff's negligent supervision, hiring, and retention claims stemming from the misconduct occurring on September 19, 2013.

The discretionary function exception limits the FTCA's waiver of sovereign immunity when the governmental conduct at issue involves an element of judgment or choice.  *See* 28 U.S.C. § 2680(a); *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1130 (10th Cir. 1999).  "[T]he discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow."  *Franklin Sav. Corp.*, 180 F.3d at 1130 (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)).  If the employee has no rightful option but to adhere to the directive, then sovereign immunity is waived and the court has jurisdiction to consider the case.  *Id.*

Plaintiff alleges that VA supervisors failed to monitor Wisner's clinical activities to ensure that they were within his authorized scope of practice and medically appropriate under both VHA Directive 1063 and/or PALA, Kan. Stat. Ann. § 65-28a01.  To overcome the discretionary function exception, however, the plaintiff must show that the federal employee's discretion was limited by a federal statute, regulation, or policy.  *Sydnes v. United States*, 523 F.3d 1179, 1184 (10th Cir. 2008).  The court will not consider the state of Kansas PALA.

Plaintiff attached a copy of VHA Directive 1063 to his response and argues that it is the applicable federal policy and guidelines for PAs employed by the VA.  (Doc. 11-1.)  VHA Directive 1063 was issued on December 24, 2013.  Plaintiff's September 19, 2013 claim occurred prior to December 24, 2013.  VHA Directive 1063 was not the governing policy at the time Wisner's misconduct occurred.  Plaintiff cites no other applicable federal policy and does not overcome the

discretionary function exception.  As such, the court lacks jurisdiction over plaintiff's negligent supervision, hiring, and retention claims in Count II.

### D. Statute of Limitations

The FTCA provides that a tort claim against the United States "shall be forever barred" unless it is presented to the "appropriate Federal agency within two years after such claim accrues" and then brought to federal court "within six months" after the agency acts on the claim.  28 U.S.C. § 2401(b); *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015).  The court has already determined that plaintiff failed to exhaust his administrative remedies as to any other claim, aside from the incident occurring on September 19, 2013.  Because plaintiff's administrative claim was filed within two years from when the September 19, 2013 act occurred, plaintiff's claim is timely under § 2401(b).

## IV. Conclusion

The court denies defendant's motion with respect to Count I, and plaintiff's claim is timely under the FTCA's statute of limitations.  The court, however, lacks jurisdiction over plaintiff's negligent supervision, hiring, and retention claims, Count II.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 8) is denied as to Count I to the extent that it relates to plaintiff's September 19, 2013 appointment with Wisner.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss is granted as to plaintiff's claims regarding negligent misprescription or overprescription of medication and other instances of misconduct committed by Wisner.  To the extent that plaintiff is bringing such claims, they are dismissed.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss is granted as to Count II.

**IT IS FURTHER ORDERED** that plaintiff has voluntarily abandoned Count III, and that claim is no longer a part of this case.

Dated this 3rd day of May, 2017, at Kansas City, Kansas.

                                          **s/ Carlos Murguia**
                                          **CARLOS MURGUIA**
                                          **United States District Judge**